# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDGAL IRIBHOGBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-24-1319-R |
| | ) |
| TERRANCE DICKERSON, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*[1] and *in forma pauperis* (without prepayment of fees), filed this action alleging violations of his constitutional rights. (Doc. 1).[2] He is a federal detainee who has been convicted, but not yet sentenced. (*Id.* at 3). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 4). As set forth fully below, the undersigned recommends that the Court **DISMISS** Plaintiff's claims without prejudice.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

I.     **Overview of Complaint**

   A.     **Defendants**

Plaintiff names more than forty-five defendants in this action. For ease of reference, the undersigned categorizes them in five groups: (1) defendants associated with Cimarron Correctional Facility ("CCF") and Core Civic (collectively, the "Private Prison Defendants"); (2) defendants associated with the City of Cushing and Payne County ("Municipal Defendants"); (3) defendants related to the State of Oklahoma ("State Defendants"); (4) defendants related to the federal government ("Federal Defendants"); and (5) Reginald Thompson, an inmate at CCF. Below is a complete listing of the named defendants:

**Private Prison Defendants**

- "CCA (Core Civic Facility . . . Brentwood, TN)." (Doc. 1, at 1).

- "CCA & Core Civic Facility" in Cushing, Oklahoma. (*Id.*)

- "CEO/Warden CCF/CCA/[Cimarron] Correctional Facility," in an official capacity. (*Id.* at 7).

- Terrance Dickerson, then-Warden of CCF, in his official capacity. (*Id.* at 4, 10, 13).

- A.W. Grant, Assistant Warden at CCF, in his or her official capacity. (*Id.* at 10).

- Head/Chief of Security Hilligoss/Thomas, in their official capacities. (*Id.* at 4, 10, 13).

- Captain Oliver, HSE Manager, in his or her official capacity. (*Id.* at 10).

- Officer Swanson, in his official capacity. (*Id.* at 4, 6, 10, 13).

- Officer Aguilar, in his or her official capacity. (*Id.* at 6, 10).

- Officer Finnely, in his or her official capacity. (*Id.* at 4, 10, 13).

2

- Unit Manager Gibson, in his or her official capacity. (*Id.* at 10, 13).

- Officer Groom, in his or her official capacity. (*Id.* at 10).

- Mrs. Fairley, Kitchen Supervisor, in her official capacity. (*Id.*)

- Medical Department, in its official capacity. (*Id.*)

- Maintenance Department, in its official capacity. (*Id.*)

- Officer Laughling, in his or her official capacity. (*Id.*)

- Officer Laughling's night duty mate, in his or her official capacity. (*Id.*)

- Individuals A-Z (Core Civic Facility), in their official capacities. (*Id.*)

- Assistant Warden Phillips, in his or her official capacity. (*Id.*)

- Greg Jones, PREA/Investigator, in his official capacity. (*Id.*)

- Mrs. Burney, Grievance Coordinator, in her official capacity. (*Id.*)

- Mrs. Hand, Librarian, in her official capacity. (*Id.*)

- Assistant Head Security Sullivan, in his or her official capacity. (*Id.* at 4, 10).

- "Captains/Head Safety," in their official capacities. (*Id.* at 10).

- Officer Christopher Nealey, in his official capacity. (*Id.*)

- Medical personnel (no capacity identified). (*Id.* at 13).

**Municipal Defendants**

- Cushing Police Department, in its official capacity. (*Id.* at 1, 7).

- Charles Claxton, Chief of Cushing Police Department, in his official capacity. (*Id.* at 7).

- Nicholas Myers, Deputy Chief of Cushing Police Department, in his official capacity. (*Id.*)

- Payne County, in its official capacity. (*Id.* at 7, 11).

3

**State Defendants**

1. Oklahoma Secretary of State, in his official capacity.  (*Id.* at 8, 11).

2. State of Oklahoma.  (*Id.* at 11).

3. Attorney General of the State of Oklahoma, in his official capacity.  (*Id.* at 8, 12).

**Federal Defendants**

- United States Marshals Service Headquarters.  (*Id.* at 1, 11).

- E. Barrett, Director, United States Marshals Service, in his official capacity.  (*Id.* at 7).

- United States Marshals Service, Western District of Oklahoma.  (*Id.* at 11).

- Head of the United States Bureau of Prisons, in his official capacity.  (*Id.* at 8).

- United States Bureau of Prisons.  (*Id.* at 11).

- United States Commission on Civil and Constitutional Rights, United States Department of Justice.  (*Id.*)

- Steven H. Rosenbaum, Section Chair, Civil Rights Division Special Litigation, Department of Justice, in his official capacity.  (*Id.* at 8).

- Civil Rights Division – Special Litigation Section, United States Department of Justice.  (*Id.* at 12).

- United States Attorney General, in her official capacity.  (*Id.* at 8, 12).

- United States Secretary of State, in his official capacity.  (*Id.* at 9, 12).

- "Head (DEA)," in his official capacity.  (*Id.* at 9).

- DEA HQ, Washington.  (*Id.* at 12).

- DEA, Tulsa Office.  (*Id.*)

Additionally, Plaintiff names Reginald Thompson, a fellow inmate at CCA, as a defendant in his official capacity. (Doc. 1, at 10).

### B. Plaintiff's Claims

#### 1. Claim One

Plaintiff makes multiple allegations in Claim One. First, Plaintiff asserts that on December 25, 2022, he told Defendant Swanson that another inmate threatened him. (Doc. 1, at 14, 15-16). In response, Defendant Swanson said, "If they want to fight they should go to their cells." (*Id.* at 13). Defendant Thompson then physically assaulted Plaintiff, resulting in physical and mental injuries. (*Id.* at 6, 16-17). Plaintiff asserts Defendant Swanson was deliberately indifferent. (*Id.* at 6).

At some point after the assault, Defendant Sullivan and/or Defendant Dickerson assigned Plaintiff to the same unit as Defendant Thompson, where Defendant Thompson again threatened Plaintiff. (*Id.* at 6, 16). Plaintiff asserts that Defendant Thompson told Officer Cloak that Plaintiff needed to be out of the unit, otherwise he intended to fight Plaintiff again. (*Id.* at 16). He contends Defendant Hilligoss should have known the impact of sending Plaintiff to the unit with Defendant Thompson. (*Id.*)

Plaintiff also contends he was subject to cruel and unusual punishment in the EB104 Segregation Unit – of which Defendant Gibson was unit manager – because there was no potable water for two days. (*Id.* at 6). As a result, Plaintiff could not bathe, drink water, or take his diabetes medication. (*Id.* at 14). Upon hearing Plaintiff's complaint regarding the water, Defendant Swanson told Plaintiff that he could survive without it. (*Id.* at 15). Plaintiff contends he became dehydrated, leading to exhaustion. (*Id.* at 16). Plaintiff

5

asserts it was "cruel and harsh" to provide him food without water. (*Id.*) He also asserts the failure to provide water to take his diabetic medication amounts to medical negligence. (*Id.*)

Plaintiff also contends that Defendant Aguilar slammed an office door on his toes on September 26, 2024. (*Id.* at 6, 15, 19). Plaintiff asserts this amounted to an assault, cruel and unusual punishment, medical negligence, and unjust enrichment because he did not receive medical attention until the next day. (*Id.* at 19).

Plaintiff contends that Defendant Fairley made "offensive body contact" with him at the kitchen dining hall. (Doc. 1, at 6). He also asserts that Defendant Fairley released him from his work in the dining hall and kitchen "due to retaliation of influx of contrabands (drugs) by Trinity staff at the kitchen [he] saw." (*Id.* at 19).

Finally, Plaintiff contends he was denied a diabetic dinner by "the officer" on several occasions. (*Id.* at 13).

For these allegations, Plaintiff seeks compensatory damages in the amount of $250,000,000 and punitive damages in the amount of $500,000,000. (*Id.*)

    2.    **Claim Two**

In Claim Two, Plaintiff contends that Defendant Swanson ignored him after he reported the lack of water. (*Id.* at 16). He asserts that Defendant Swanson's response indicated that he retaliated against Plaintiff for reasons "known to him." (*Id.*) He also alleges cruel and unusual punishment, staff misconduct, and "not taking necessary action" against Defendant Swanson related to the unsafe condition of confinement in EB104. (*Id.* at 13). He also makes a claim of deliberate indifference against Defendant Sullivan. (*Id.*)

6

Plaintiff contends the Private Prison Defendants violated his right to due process "by the act of [Defendant] Swanson at [CCF]." (*Id.* at 15). He claims that substantial risk of safety was brought to Defendant Swanson's attention, but he ignored the notification and exposed him to danger. (*Id.*) Further, Plaintiff alleges the Cushing Police Department failed to carry out an investigation against Defendant Swanson. (*Id.* at 18).

Finally, Plaintiff contends Defendant Finnely used a racial slur by calling a black inmate a "monkey." (*Id.* at 13, 14).

As relief, Plaintiff seeks to have Defendant Swanson "be accountable for his action." (*Id.* at 20). He also seeks compensatory damages in the amount of $250,000,000 and punitive damages in excess of $500,000,000. (*Id.*)

### 3. Other Allegations

Plaintiff also makes allegations unrelated to those alleged in Claims One and Two. He asserts he was served food with plastic that he almost swallowed on May 25, 2024. (*Id.* at 17). He also alleges he was served a moldy honey bun and bread as well as spoiled milk. (*Id.*) He asserts it is "breach of contract to ensure a safe environment free of fear and retaliation and to provide adequate food." (*Id.* at 19).

## II. Screening

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity and each case in which the plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2). The court must dismiss a complaint or any portion of it

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

In reviewing the complaint, the court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007). The court must determine "whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.*; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

### III. Plaintiff's Claims Should Be Dismissed.

The undersigned recommends all of Plaintiff's claims be dismissed without prejudice for the reasons stated below. Plaintiff's request for injunctive relief is not narrowly tailored as required by 18 U.S.C. § 3626(a)(1)(A), a finding that applies to all defendants. Plaintiff's claims for monetary relief should be dismissed for reasons that differ depending on the defendant. The reasons identified below for dismissal of Plaintiff's claims are not exhaustive. For example, Plaintiff fails to link any facts to many defendants, which would also be reason to dismiss those defendants. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)

8

(explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated"). But because the reasons below are sufficient to dismiss the federal claims against all defendants, the undersigned does not address all additional reasons for dismissal.

### A. Plaintiff's Request for Injunctive Relief Does Not Comply With 18 U.S.C. § 3626(a)(1)(A).

Plaintiff asserts jurisdiction pursuant to *Bivens* and 28 U.S.C. § 1331.[3] (Doc. 1, at 2). Plaintiff seeks prospective or injunctive relief such that Defendant Swanson be held "accountable for his action." (Doc. 1, at 20). The undersigned finds that Plaintiff's request is unavailable under *Bivens* and too broad under § 1331.

*Bivens* claims are solely for money damages against a federal actor in his individual capacity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005); *see also Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("[W]e join our sister circuits in holding that relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action."); *Higazy v. Templeton*, 505 F.3d 161, 169 (2nd Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). So, Plaintiff cannot obtain injunctive relief under *Bivens*.

---

[3] Plaintiff also asserts jurisdiction under "Common law court at district court at Western District of Oklahoma." (Doc. 1, at 2).

9

But Plaintiff is able to seek injunctive relief under 28 U.S.C. § 1331, at least against the Federal Defendants. *See Simmat*, 413 F.3d at 1236 ("[F]ederal district courts now have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus."). Because Plaintiff is a prisoner, however, his request for injunctive relief is constrained by 18 U.S.C. § 3626(a)(1)(A), which provides:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

It is unclear how Plaintiff seeks to have Defendant Swanson be held accountable. Plaintiff likely seeks to have Defendant Swanson terminated or have other discipline imposed against him. Courts have found that relief in the form of terminating employment exceeds the scope of 18 U.S.C. § 3626(a)(1)(A). *See Terry v. Kan. Dep't of Corr., Cent. Inmate Banking*, 2024 WL 4692056, at *5 (D. Kan. Nov. 6, 2024) ("[T]o the extent Plaintiff seeks to have staff terminated, the Court is without authority to grant such relief.") (citing *Nicholas v. Hunter*, 228 F. App'x 139, 141 (3d Cir. 2007); *Goulette v. Warren*, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006); *Dockery v. Ferry*, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008); *Martin v. LeBlanc*, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014); *Merrida v. Cal. Dep't of Corr.*, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006)); *Flores v. Boudreaux*, 2025 WL 755696, at *8 (E.D. Cal. Mar. 10, 2025) ("Plaintiff's

10

request to fire Defendants is not narrowly drawn and is not the least intrusive means necessary to correct the harms alleged."). The undersigned also finds that ordering lesser discipline is also not narrowly drawn.

Further, the alleged conduct of Defendant Swanson is not ongoing – the attack he allegedly played a role in happened in 2022 and Plaintiff's placement in a cell without water lasted only two days. (Doc. 1, at 6, 13). Thus, any discipline against Defendant Swanson would go "further than necessary to correct the [alleged] violation." 18 U.S.C. § 3626(a)(1)(A); *see also Johns v. Gwinn*, 503 F. Supp. 3d 452, 479 (W.D. Va. 2020) ("Especially where Plaintiff seeks redress for a past harm and alleges no future threat against him, the Court finds that an injunction ordering him transferred to another facility would extend 'further than necessary to correct the violation of the federal right,' and is not 'the least intrusive means necessary to correct the violation of the federal right.'") (quoting 18 U.S.C. § 3626(a)(1)(A)). Thus, Plaintiff has not stated a claim for injunctive relief.

  **B.** **Plaintiff Has Not Stated a Claim for Monetary Damages Against Any Defendant.**

    **1.** **Plaintiff Cannot Bring a *Bivens* Claim Against the Private Prison Defendants.**

The Private Prison Defendants consist of Core Civic – the entity that operates CCF – and its employees. Those defendants cannot be sued for damages under *Bivens*. *Bivens* actions cannot be maintained against such contractors such as Core Civic, a private prison operator. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) ("[I]nferring a constitutional tort remedy against a private entity like CSC is therefore foreclosed.").

11

Further, a prisoner cannot make a *Bivens* claim against "privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law." *Minneci v. Pollard*, 565 U.S. 118, 131, (2012). Instead, Plaintiff "must seek a remedy under state tort law." *Id.*; *see also Brown v. CoreCivic Cimarron Corr.*, No. CIV-23-650-HE, 2024 WL 5050034, at *2 (W.D. Okla. Oct. 31, 2024) (finding a plaintiff housed at CCF could "pursue a state law claim for negligence, battery, or other torts"), *adopted*, 2024 WL 5047886 (W.D. Okla. Dec. 9, 2024). Thus, Plaintiff has not stated a claim under *Bivens* for money damages, and the claim should be dismissed without prejudice.[4]

### 2. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims for Damages Against the Federal Agencies and Individuals Sued in Their Official Capacities.

The *Bivens* claims against the Bureau of Prisons, the DEA, the United States Marshals, and a section of the Department of Justice are barred by sovereign immunity. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks,* 960 F.2d 911, 913 (10th Cir. 1992) (citing *United States v. Mitchell,* 445 U.S. 535, 538 (1980)). Federal courts lack

---

[4] To the extent the Complaint could be construed as to bring a state-law claim against the Private Prison Defendants, or any other defendant, the Court should decline to exercise supplemental jurisdiction if it adopts the undersigned's recommendation to dismiss the federal claims. *See Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)).

subject matter jurisdiction over claims for damages against the United States where the United States has not waived its sovereign immunity. *Iowa Tribe of Kan. and Neb. v. Salazar,* 607 F.3d 1225, 1232 (10th Cir. 2010); *Harrell v. United States,* 443 F.3d 1231, 1234 (10th Cir. 2006). Only Congress can waive the sovereign immunity of the United States. *Merril Lynch,* 960 F.2d at 913. But Congress has not extended the *Bivens* remedy to federal agencies. *See Malesko,* 534 U.S. at 71-72; *FDIC v. Meyer,* 510 U.S. 471, 486 (1994). "Absent a waiver of immunity," the federal agency defendants are "entitled to sovereign immunity on Plaintiff's claim for monetary damages." *Danmola v. Bureau of Prisons*, No. CIV-23-1137-G, 2024 WL 1638622, at *2 (W.D. Okla. Apr. 16, 2024). Thus, "this Court lacks subject-matter jurisdiction over Plaintiff's claim." *Id.*

Similarly, the Court lacks subject matter jurisdiction over Plaintiff's claims against the individual Federal Defendants in their official capacities.[5] "[A] *Bivens* claim can be brought only against federal officials in their individual capacities" and "cannot be asserted directly against . . . federal officials in their official capacities." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). This is because "any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Thus, the Court lacks subject matter jurisdiction over Plaintiff's official capacity claims for damages against the individual Federal Defendants. *See Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) ("[S]overeign immunity deprived

---

[5] Plaintiff does not bring individual-capacity claims against any Federal Defendant who is a person.

13

the district court of jurisdiction to entertain any of Watson's claims against Defendants-Appellees in their official capacities.").

Because the Court lacks subject matter jurisdiction over the claims against the Federal Defendants, the claims against them should be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice.").

### 3. The State Defendants Are Entitled to Sovereign Immunity Under the Eleventh Amendment.

As noted above, the State Defendants include the Oklahoma Secretary of State, the Oklahoma Attorney General, and the State of Oklahoma. Plaintiff cannot bring *Bivens* claims against these entities because they are not federal agents. *See Bivens*, 403 U.S. at 389, 395-96 (holding that a damages suit may be pursued against a federal agent for violation of a constitutional right); *United States v. Loera*, 2017 WL 3098257, at *37 (D.N.M. June 22, 2017) ("*Bivens* is the appropriate vehicle to assert a constitutional violation against federal officials . . . ."). So, Plaintiff has failed to state a *Bivens* claim against the State Defendants.

Further, Plaintiff cannot seek monetary damages against the State of Oklahoma or state officials sued in their official capacities in a claim brought under 42 U.S.C. § 1983. Under the Eleventh Amendment, "a state is entitled to immunity unless it has been abrogated by Congress or waived by the state." *Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014) (citation omitted). "The immunity applies not only to suits against states, but also to damage suits brought against state officials in their official capacities."

*Id*. (citation omitted). While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *Id*. Thus, Plaintiff's claims for monetary damages against the State Defendants are barred by sovereign immunity, and they should be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915A(b)(2); *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Eleventh Amendment immunity is jurisdictional" and dismissal should be "without prejudice").

### 4. Plaintiff Cannot Bring a *Bivens* Claim or a Claim for Damages Against the Municipal Defendants in Their Official Capacities.

Plaintiff cannot bring a claim under *Bivens* against the Municipal Defendants because they are not federal agents. *See supra*, § III.B.3. And Plaintiff may not bring a claim for monetary damages against defendants in their official capacities in a Section 1983 claim. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). Because Plaintiff sued the Municipal Defendants in their official capacities only, (Doc. 1, at 7), these claims should be dismissed without prejudice.[6]

---

[6] Additionally, the Cushing Police Department is not a suable entity. *See Adkins v. Okla. City Police Dep't*, No. CIV-23-157-J, 2023 WL 3192313, at *2 (W.D. Okla. Mar. 30, 2023) (collecting cases), *adopted*, 2023 WL 3183314 (W.D. Okla. May 1, 2023). Payne County is also not a proper defendant. *See Hill v. Truelove*, No. CIV-07-404-M, 2010 WL 56144, at *7 (W.D. Okla. Jan. 6, 2010) ("Under Oklahoma law, [] a county may be sued only in the name of the "Board of County Commissioners of the County of _____.") (citing Okla. Stat. tit. 19, § 4).

### 5. Plaintiff Does Not State a Federal Claim against Defendant Thompson.

Defendant Thompson cannot be sued under *Bivens* because he is a prisoner, not a federal agent. *See supra*, § III.B.3. And he cannot be sued under Section 1983 because he is not acting under color of state law. *See Stokes v. Aramark Corp.*, 2020 WL 5793688, at *2 (D.N.J. Sept. 29, 2020) ("The legal rule is that fellow prisoners do not act under color of state law and thus claims against such fellow prisoners must be dismissed for failure to state a claim upon which relief can be granted.") (quoting *Bean v. McFarland*, 2015 WL 1431124, at *2 (W.D. Pa. Mar. 27, 2015)). Thus, Plaintiff's federal claims against Defendant Thompson should be dismissed without prejudice for failure to state a claim. The Court should not exercise supplemental jurisdiction over any potential state-law claims against Defendant Thompson. *See supra*, n.4.

### IV. Recommendation and Notice of Right to Object

For these reasons, it is recommended that the Court **DISMISS** Plaintiff's claims without prejudice. **Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by June 26 2025,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 5th day of June, 2025.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE