**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDGAL IRIBHOGBE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1319-R** |
| | ) | |
| **TERRANCE DICKERSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Alleging multiple violations of the Constitution and state tort law against several dozen Defendants, Mr. Iribhogbe sues based on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and under the Federal Tort Claims Act. [Doc. No. 24]. The Court referred his Complaint to United States Magistrate Judge Amanda L. Maxfield, who Recommended that the Court dismiss each of his claims. [Doc. No. 25]. Mr. Iribhogbe objected. [Doc. No. 30]. So the Court will review de novo those portions of the Report to which he specifically objects. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Mr. Iribhogbe first objects to Judge Maxfield's conclusion that the only possible *Bivens* Defendant is Mr. Ryan, a representative of the United States Marshals Service. This is so, Judge Maxfield reasoned, because, under *Bivens*, Mr. Iribhogbe may only sue federal officials in their individual capacity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[I]nferring a constitutional remedy against a private entity . . . is therefore foreclosed," and Mr. Iribhogbe's claims against dozens of private prison officials must fail. *Id.* at 71. So too with his *Bivens* claims against two former Attorneys General and the Director of the

U.S. Marshals because he brought those claims against them in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). This leaves Mr. Ryan of the U.S. Marshals Service as the sole potential *Bivens* Defendant.

Mr. Iribhogbe conclusorily states that the private prison officials are liable under *Bivens* and repeats Judge Maxfield's conclusion that they aren't but fails to identify any error in her reasoning. *See* Doc. No. 30 at 15–16. So the Court overrules his first objection.[1]

Mr. Iribhogbe next objects to Judge Maxfield's conclusion that his claim against Mr. Ryan presents a new *Bivens* context and that his claim presents "special factors counselling hesitation . . . ," which preclude recovery. *Ziglar v. Abbasi*, 582 U.S. 120, 135–36 (2017) (citation modified).[2] Mr. Iribhogbe responds by stating that the Supreme Court has permitted a *Bivens* action under the Eighth Amendment for deliberate indifference to serious medical needs and failing to protect inmates like him. True, but "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 589

[1] Mr. Iribhogbe says that, in addition to Mr. Ryan, there are 50 more unnamed individual Defendants who he claims are also U.S. Marshals Representatives. Doc. No. 30 at 13–14. But in his Complaint, he alleges that those Defendants were "at all times relevant . . . working for [Cimarron Correctional Facility] and [the private prison corporation that operates it] . . . ." They are not, therefore, plausibly federal officials, potentially subject to *Bivens*. The Court, therefore, evaluates the context of Mr. Iribhogbe's *Bivens* claim only against Mr. Ryan. Doc. No. 24 at 2 ¶ 6.

[2] The Supreme Court has also stated that the ultimate, single question the Court must resolve is "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492 (2022).

U.S. 93, 103 (2020). And "[s]mall differences can easily satisfy the new-context inquiry." *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024) (citation modified).

Mr. Iribhogbe's case presents more than small differences. His allegations against Mr. Ryan—the only official even remotely subject to *Bivens* liability—concerns moldy, rotten food and dust in the air-conditioning system. He alleges that he told Mr. Ryan about these incidents and that Mr. Ryan took no action. But in none of the nearly 1,200 cases that cite to *Bivens* from the Tenth Circuit, and the seven districts within it, is there a single mention of the words "mold," or "moldy" in the same paragraph as the *Bivens* cite. That difference is sufficient to present a news *Bivens* context. *See Egbert v. Boule*, 596 U.S. 482, 492 (2022) ("If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy.") (citation modified). So the Court overrules his second objection.

Mr. Iribhogbe's third objection concerns Judge Maxfield's conclusion that he failed to state a claim under the Federal Tort Claims Act. Judge Maxfield Recommended that the Court dismiss his FTCA claims against all but one Defendant because the only proper defendant under that statute is the United States. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). Judge Maxfield then Recommended that the Court dismiss the claims against the United States because Mr. Iribhogbe failed to allege an injury connected to Mr. Ryan's alleged misconduct.[3] Judge Maxfield concluded that Mr. Iribhogbe failed to plead

[3] Mr. Ryan is the only individual whose conduct could subject the United States to liability since it's only liable for the actions of its agencies and the employees of those agencies—not its independent contractors. *See* 28 U.S.C. § 2671.

any injury associated with his negligence claim under the FTCA based on Mr. Ryan's actions. Mr. Iribhogbe's only relevant response to this is that he's subsequently been diagnosed with a skin condition that he attributes to the dust in the air-conditioning system. But he "may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint." *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997). So the Court overrules his third objection.

Mr. Iribhogbe finally objects to Judge Maxfield's Recommendation that the Court dismiss his claims for injunctive and declaratory relief. Judge Maxfield concluded that since he's been moved from the facility where each of his claims originated, Mr. Iribhogbe's claims for prospective relief are now moot.[4] Mr. Iribhogbe responds that by pursuing this prospective relief, he hopes to change the policies of the private prison corporation operating his former facility and advocate for his fellow detainees and inmates. Doc. No. 30 at 12. But as Judge Maxfield noted, he lacks standing to pursue claims on behalf of others, and since all his claims for prospective relief concern alleged misconduct at Cimarron Correctional Facility, his transfer from that facility moots his request as the Court can no longer fashion relief. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). The Court therefore overrules his final objection.

---

[4] Judge Maxfield also concluded that Mr. Iribhogbe's requested prospective relief was not "narrowly drawn" as required by 18 U.S.C. § 3626(a)(1)(A). Mr. Iribhogbe conclusorily states that his Complaint is narrowly drawn but fails to explain why. So the Court overrules this objection too.

Accordingly, the Court adopts Judge Maxfield's R&R and dismisses Mr. Iribhogbe's Complaint.

IT IS SO ORDERED this 25th day of November 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**